UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BROADCAST MUSIC, INC.; RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC; BOY MEETS GIRL MUSIC; BMG RIGHTS MANAGEMENT (US) LLC d/b/a BMG PLATINUM SONGS (US); MCMOORE MCLESST PUBLISHING; HIP CITY MUSIC INC.; and HIFROST PUBLISHING,

    Plaintiffs,

  v.

TURNMILL LLC d/b/a TURNMILL; JAMES DORAN; EDWARD DORAN; LEONARD O'CONNOR; and THOMAS LUCAS,

    Defendants.

Case No. 18-cv-11765

COMPLAINT

---

  Plaintiffs, by their undersigned attorneys, for their Complaint against Defendants Turnmill LLC d/b/a Turnmill, James Doran, Edward Doran, Leonard O'Connor, and Thomas Lucas (collectively, "Defendants"), allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

  1. This is an action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

  2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 14 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Rondor Music International, Inc. is a corporation doing business as Irving Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Boy Meets Girl Music is a partnership owned by Shannon Rubicam and George Robert Merrill. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff BMG Rights Management (US) LLC is a limited liability company doing business as BMG Platinum Songs (US). This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff McMoore McLesst Publishing is a partnership owned by Daniel Quine Auerbach and Patrick James Carney. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Hip City Music Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Hifrost Publishing is a partnership owned by Hiriam Hicks and Elliot Straite. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Defendant Turnmill LLC is a limited liability company organized and existing under the laws of the state of New York which operates, maintains and controls an establishment known as Turnmill, located at 119 East 27th Street, New York, NY 10016, (the "Establishment"), in this district.

12. In connection with the operation of the Establishment, Defendant Turnmill LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

13. Defendant Turnmill LLC has a direct financial interest in the Establishment.

14. Defendant James Doran is a principal of Defendant Turnmill LLC with responsibility for the operation and management of that limited liability company and the Establishment.

15. Defendant James Doran has the right and ability to supervise the activities of Defendant Turnmill LLC and a direct financial interest in that limited liability company and the Establishment.

16. Defendant Edward Doran is a principal of Defendant Turnmill LLC with responsibility for the operation and management of that limited liability company and the Establishment.

17. Defendant Edward Doran has the right and ability to supervise the activities of Defendant Turnmill LLC and a direct financial interest in that limited liability company and the Establishment.

18. Defendant Leonard O'Connor is a principal of Defendant Turnmill LLC with responsibility for the operation and management of that limited liability company and the Establishment.

19. Defendant Leonard O'Connor has the right and ability to supervise the activities of Defendant Turnmill LLC and a direct financial interest in that limited liability company and the Establishment.

20. Defendant Thomas Lucas is a principal of Defendant Turnmill LLC with responsibility for the operation and management of that limited liability company and the Establishment.

21. Defendant Thomas Lucas has the right and ability to supervise the activities of Defendant Turnmill LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

22. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 21.

23. Since March 2015, BMI has reached out to Defendants over seventy (70) times, by phone, in-person visits, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

24. Plaintiffs allege four (4) claims of willful copyright infringement based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

25. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the four (4) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

26. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

27. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all

respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

28. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

29. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

30. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(II)    Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

(III)   Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

(IV)    Plaintiffs have such other and further relief as is just and equitable.

Dated: December 14, 2018         **GIBBONS P.C.**
       New York, New York

                                 By: s/ J. Brugh Lower
                                     Mark S. Sidoti
                                     J. Brugh Lower
                                     One Pennsylvania Plaza, 37th Floor
                                     New York, New York 10119-3701
                                     Tel: 973-596-4581
                                     Fax: 973-639-6292
                                     msidoti@gibbonslaw.com
                                     jlower@gibbonslaw.com

                                     *Attorneys for Plaintiffs*

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | I Wanna Dance With Somebody Who Loves Me a/k/a Somebody Who Loves Me |
| Line 3 | Writer(s) | George Merrill; Shannon Rubicam |
| Line 4 | Publisher Plaintiff(s) | Rondor Music International, Inc. d/b/a Irving Music; Shannon Rubicam and George Robert Merrill, a partnership d/b/a Boy Meets Girl Music |
| Line 5 | Date(s) of Registration | 11/10/86    6/15/87 <br> 6/30/87 |
| Line 6 | Registration No(s). | PAu 901-755    PA 343-550 <br> PAu 985-995 |
| Line 7 | Date(s) of Infringement | 2/03/18 |
| Line 8 | Place of Infringement | Turnmill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Bulletproof |
| Line 3 | Writer(s) | Eleanor Jackson; Benedict Langmaid |
| Line 4 | Publisher Plaintiff(s) | BMG Rights Management (US) LLC d/b/a BMG Platinum Songs (US) |
| Line 5 | Date(s) of Registration | 5/17/10 |
| Line 6 | Registration No(s). | PA 1-684-808 |
| Line 7 | Date(s) of Infringement | 10/22/16 |
| Line 8 | Place of Infringement | Turnmill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Tighten Up |
| Line 3 | Writer(s) | Dan Auerbach; Patrick Carney |
| Line 4 | Publisher Plaintiff(s) | Daniel Quine Auerbach and Patrick James Carney, a partnership d/b/a McMoore McLesst Publishing |
| Line 5 | Date(s) of Registration | 6/1/10 |
| Line 6 | Registration No(s). | PA 1-698-031 |
| Line 7 | Date(s) of Infringement | 10/22/16 |
| Line 8 | Place of Infringement | Turnmill |

| | | | | |
|---|---|---|---|---|
| Line 1 | Claim No. | 4 | | |
| Line 2 | Musical Composition | Poison | | |
| Line 3 | Writer(s) | Elliot T. Straite | | |
| Line 4 | Publisher Plaintiff(s) | Hip City Music Inc.; Hiriam Hicks and Elliot Straite, a partnership d/b/a Hifrost Publishing | | |
| Line 5 | Date(s) of Registration | 8/14/89 | 3/19/90 | 6/7/90 |
| Line 6 | Registration No(s). | PAu 1-264-846 | PAu 1-410-225 | PA 475-115 |
| Line 7 | Date(s) of Infringement | 2/03/18 | | |
| Line 8 | Place of Infringement | Turnmill | | |